## Chazanoff v. Philadelphia

*B. Allan Dash*, for plaintiffs.
*James K. Brengle*, for defendant.

KLEIN, C., *J.*, April 7, 1980—On July 30, 1979, plaintiffs filed a complaint in trespass for damages allegedly sustained on April 26, 1978 as the result of a fall by plaintiff Leonard Chazanoff at the Philadelphia International Airport.

There is now before us for disposition preliminary objections in the nature of a demurrer filed by defendant City of Philadelphia wherein the court is asked to dismiss the complaint as to the City because plaintiffs failed to give proper notice of a potential claim within the six month period prescribed by 42 Pa.C.S.A. §5522(a). Annexed to the preliminary objections is a copy of a letter dated January 30, 1979, addressed to Philadelphia International Airport by B. Alan Dash, counsel for plaintiffs, giving the City notice of a potential claim. Since this notice was dated more than six months after the date of the alleged accident, the City takes the position that the claim against it is barred, hence the demurrer.

Plaintiffs filed an answer to the preliminary objections and new matter in which they deny that they failed to give timely notice to the City, annexing a copy of a letter dated August 31, 1978, identical in wording to the letter dated January 30, 1979 referred to above, but addressed to "City of Philadelphia Law Department." For reasons that

have not been explained, the existence of the letter of August 31, 1978, was apparently unknown to counsel for the City when the preliminary objections were filed. The new matter also avers that when the cause of action arose on April 26, 1978 the applicable notice statute was the Act of July 1, 1957, P.L. 2547, 53 P.S. §5301, and not its successor, 42 Pa.C.S.A. §5522(a), as claimed by the City.

Defendant City of Philadelphia filed a memorandum reply to plaintiffs' answer and new matter which does not challenge the existence of the letter dated August 31, 1978, although it asserts that the inclusion of new matter in an answer to preliminary objections is impermissible under Pennsylvania Rules of Civil Procedure. We find no merit in this argument since it is clear the demurrer was based on a misunderstanding of the facts and we know of no better way to set the record straight than that used by plaintiffs.

The City also argues that even if the court accepts the existence of the letter of August 31, 1978, the contents of said letter do not meet the statutory requirements of 53 P.S. §5301. We have examined both 53 P.S. §5301 and 42 Pa.C.S.A. §5522(a), as well as the contents of the letter notice to the City, and are satisfied that the requirements of either statute have been substantially met. Accordingly, we enter the following

## ORDER

And now, April 7, 1980, it is ordered and decreed that the preliminary objections of defendant City of Philadelphia are dismissed, and said defendant shall file an answer, if it so desires, within 20 days of the date of this order.